UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MATTHEW AVITABILE, *et al.*

                              *Plaintiffs*,

           -against-

ANDREW M. CUOMO, *et al.*,

                              *Defendants*.

1:16-CV-01447
(DNH)(CFH)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
# OF A MOTION TO DIMSISS

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Governor Andrew M. Cuomo,*
*Attorney General Eric T. Schneiderman, and*
*Superintendent George P. Beach III, Superintendent*
*of the New York State Police*
The Capitol
Albany, NY 12224

MICHAEL G. McCARTIN
Assistant Attorney General
   *Of Counsel*
Bar Roll No. 511158
Telephone: (518) 776-2620

February 13, 2017

**Table of Contents**

Preliminary Statement………………………………………………………………………..1

Statement of Facts……………………………..…………………………………………......1

Standard of Review…………..………………………………………………………………2

Argument…………………………………………………………………………………….3

    Point I        Governor Cuomo and Attorney General Schneiderman are not proper parties
                      and must be dismissed from this action ……………………….………………….3

    Point II       The Firearms Policy Coalition and the Firearms Policy Foundation lack
                      standing to bring this 42 U.S.C. § 1983 action…………………….……………6

Conclusion…………………………………………………………………………………...8

## Preliminary Statement

Plaintiff Matthew Avitabile and two advocacy groups – *i.e.*, the Firearms Policy Coalition ("FPC") and the Firearms Policy Foundation ("FPF") – bring this 42 U.S.C. § 1983 action alleging that certain N.Y. Penal Laws that prohibit the possession of Tasers and "stun guns" violate the Second Amendment of the U.S. Constitution. Pursuant to Federal Rule of Civil Procedure 12(b)(6), however, defendant Andrew M. Cuomo, the Governor of the State of New York, and defendant Eric T. Schneiderman, the Attorney General of the State of New York, hereby move to dismiss this action against them as they are not proper parties because they have no direct responsibility for the enforcement of the N.Y. Penal Laws in question.[1] Additionally, the defendants hereby move to dismiss FPC and FPF from this action because they lack standing to bring this lawsuit.

## Statement of Facts

Plaintiffs challenge New York's laws which ban and criminalize the possession of "electronic dart guns" (commonly known as Tasers) and "electronic stun guns." *See* N.Y. Penal Law §§ 265.01; 265.00(15-a) (defining "electronic dart gun"); and 265.00(15-c) (defining "electric stun gun"); Amend. Complt., ¶¶ 40-43, Prayer for Relief. Plaintiffs have sued the Governor, the Attorney General, and the Superintendent of State Police, in addition to the Schoharie County District Attorney, James Sacket. Amend. Complt., ¶¶ 4-7. Plaintiffs' Second Amendment challenge to these statutes is both facial and as-applied. *Id.*, ¶ 60.

Plaintiffs assert that they have sued the Governor in his official capacity simply because he is "responsible for the administration and enforcement of New York's customs, policies,

---

[1] Defendant George P. Beach III, the Superintendent of the New York State Police, simultaneously answers the Amended Complaint.

1

practices and laws related to the State of New York's ban on stun guns and/or electronic arms." *Id.*, ¶ 4.  Similarly, plaintiffs assert that they have sued the Attorney General in his official capacity simply because he is "responsible for enforcing the State of New York's customs, policies, practices and laws related to the State of New York's ban on stun guns and/or electronic arms."  *Id.*, at ¶ 5.  The Amended Complaint identifies no other way that the Governor and the Attorney General are in any way connected to the challenged statutes.

Defendants assert that under the controlling case law this is insufficient to make the Governor and the Attorney General proper parties to this lawsuit which challenges the constitutionality, under the Second Amendment, of Penal Law §§ 265.01, 265.00(15-a), and 265.00(15-c).  Furthermore, because FPC and FPF attempt to bring this § 1983 action on behalf of their members, *see* Amend. Complt., ¶¶ 2-3, 56, 58, they lack standing to be parties to this suit as well.

## Motion to Dismiss Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  The plausibility standard has two guiding principles.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); accord *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions, so "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Although "legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.  Plaintiffs must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiffs are complaining about and to know whether there is a legal basis for recovery against them.  *Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss.  *Iqbal*, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'"  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).  Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679; accord *Harris*, 572 F.3d at 72.

## Argument

### Point I

**Governor Cuomo and Attorney General Schneiderman are not proper parties and must be dismissed from this action.**

"A state official is a proper party to a lawsuit seeking to enjoin enforcement of an unconstitutional act if he is specifically authorized to enforce that act." *Green Party v. Weiner*, 216 F. Supp. 2d 176, 185 (S.D.N.Y. 2002).  Thus, it has been held that "a state official may properly be made a party to a suit seeking to enjoin the enforcement of an allegedly unconstitutional act if that official plays some role in the enforcement of the act." *Donohue v.*

3

*Bd. of Elections of the State of New York*, 435 F. Supp. 957, 963 (E.D.N.Y. 1976) (citations omitted).  *See also Schulz v. Williams*, 44 F.3d 48, 61 n.13 (2d Cir. 1994) ("It is well-settled that a state official may properly be made a party to a suit seeking to enjoin the enforcement of an allegedly unconstitutional act if that official plays some role in the enforcement of the act.") (internal quotation marks and citation omitted).

However, the same is not true as concerns Governor Cuomo and Attorney General Schneiderman, neither of whom have a *direct responsibility* for the enforcement of the N.Y. Penal Law at issue.  In fact, "the vast majority of courts to consider the issue" have held that a state official's general duty "to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute." *Warden v. Pataki*, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999) (collecting cases), aff'd sub nom. *Chan v. Pataki*, 201 F.3d 430 (2d Cir. Oct. 20, 1999) (unpublished), cert. denied, 531 U.S. 849 (2000).

Indeed, this principle has been a constant refrain in the district courts within the Second Circuit.  For instance, in *Wang v. Pataki*, 164 F. Supp. 2d 406 (S.D.N.Y. 2001), the district court found that the general duty of the New York Governor, as set forth in Article 4, Section 3 of the State Constitution to "take care that the laws are faithfully executed", was not enough, on its own, to make the Governor "a necessary or proper party to every suit raising a challenge to the constitutionality of a state statute". *Id*. at 410.  Additionally, in *United States v. New York*, 2007 U.S. Dist. LEXIS 21722 (N.D.N.Y. Mar. 27, 2007), this court found that the New York Governor was not a proper party in a similar type of circumstance: "Since the complaint fails to allege that the Governor has any connection with implementation or enforcement of the statute, other than his … general duty to ensure the laws are faithfully executed, he is immune from suit." *Id*. at 8.  And the same essential conclusion was reached in *Nolan v. Cuomo*, 2013 U.S. Dist. LEXIS 6680 (E.D.N.Y. Jan. 16, 2013), where the court held that Governor Cuomo was

4

"not a proper party" regarding § 1983 claims for injunctive relief in a case that challenged the constitutionality of the New York State Sex Offender Registration Act. *Id.* at 29. *See also Romeu v. Cohen*, 121 F. Supp. 2d 264, 272 (S.D.N.Y. 2000) (following the reasoning of *Warden v. Pataki* and concluding that Governor Pataki was not a proper party to an action challenging the constitutionality of federal and state election laws).

Along these same lines, citing to *Warden v. Pataki*, another district court has specifically held that, "[a]lthough the [New York Attorney General] is generally responsible for the enforcement of New York laws", that general responsibility was "not enough by itself" to make Attorney General Schneiderman a proper party in a suit challenging the constitutionality of a state statute. *Jones v. Schneiderman*, 974 F. Supp. 2d 322, 352-353 (S.D.N.Y. 2013) (omits internal quotations and citations). The Honorable Gary L. Sharpe has held likewise: "With respect to the Attorney General, the Second Circuit has held that when '[t]he Attorney General has no connection with the enforcement of [the state statute at issue, he] cannot be a party to [the] suit.'" *Sabin v. Nelson*, 2014 U.S. Dist. LEXIS 88462, *5 (N.D.N.Y. June 30, 2014) (quoting *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976)). Indeed, in *Mendez*, the Second Circuit further stated that "[a]lthough [the New York Attorney General] has a duty to support the constitutionality of challenged state statutes, N.Y. Exec. Law § 71 [], and to defend actions in which the state is 'interested', N.Y. Exec. Law § 63(1) [], the Attorney General does so, not as an adverse party, but as a representative of the State's interest in asserting the validity of its statutes." *Mendez*, at 460.

Moreover, this case law from within the Second Circuit is entirely consistent with similar case law from around the Nation. *See, e.g., Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute.");

5

*1st Westco Corp. v. School Dist.*, 6 F.3d 108, 113 (3d Cir. 1993) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law."); *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) ("[A]lthough [the] Governor … is under a general duty to enforce the laws of Virginia by virtue of his position as the top official of the state's executive branch, he lacks a specific duty to enforce the challenged statutes."); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law."); *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) ("[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.").

Based upon this substantial case law from within the Second Circuit – and from the Courts of Appeals in other circuits around the Nation – this Court should hold that Governor Cuomo and Attorney General Schneiderman are not proper parties here and they should both be dismissed from this action. As is clear from the Amended Complaint in this action, these two state-wide officials have been sued simply because they have a general duty to enforce the laws of New York State, *see* Amend. Complt., ¶¶ 4-5, but this is not enough to make them proper parties.

### Point II

**The Firearms Policy Coalition and the Firearms Policy Foundation lack standing to bring this 42 U.S.C. § 1983 action.**

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases or Controversies.'" *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 31 (2d Cir. 2015) (quoting U.S.

6

Const. Art. III, § 2). Standing is one element of this requirement. *Id*. Because standing is jurisdictional under Article III, "'it is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court.'" *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 156 (2d Cir. 2003) (quoting *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 117 (2d Cir. 1991)).

As the Second Circuit has recently reaffirmed, "'[i]t is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983.'" *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 387 (2d Cir. 2015) (quoting *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011)). This is because the Second Circuit has found that the rights § 1983 secures are "personal to those purportedly injured.'" *Nnebe*, 644 F.3d at 156 (quoting *League of Women Voters of Nassau County v. Nassau County Bd. of Supervisors*, 737 F.2d 155, 160 (2d Cir. 1984)). Because this is an action brought under § 1983, FPC and FPF plainly lack organizational standing to assert the rights of its members. *Knife Rights*, 802 F.3d at 387.

Additionally, when an organization such as FPC or FPF sues on its "own behalf", it "must independently satisfy the requirements of Article III standing." *Knife Rights*, 802 F.3d at 388. To meet those requirements, though, "'a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be redressable by a favorable decision.'" *Nnebe*, 644 F.3d at 156 (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)).

In this action, FPC and FPF merely assert that they have "spent funds and resources to research the law's constitutionality and educate the public about the issue." Amend. Complt., ¶¶ 2-3, 56, 58. This is clearly an insufficient "injury in fact." Indeed, if this were sufficient to

7

create standing, any organization could *manufacture* standing in *any area of the law* merely by hiring a law firm to research the constitutionality of an issue.

Importantly, in *Knife Rights*, the Second Circuit addressed an organizational standing question that is almost identical to that at issue here. In that case, organizations challenged a district attorney's application of N.Y. Penal Law § 265.01(1) with regards to the criminal possession of "gravity knives." The Second Circuit held there, however, that even if "voluntarily incurred … expenses" could satisfy the injury-in-fact element of standing, "such expenses would not be incurred because [the organizations] themselves face any imminent threat of prosecution under § 265.01(1)." *Knife Rights*, 802 F.3d at 389. Applying that key factor here, even if the *members* of FPC and the *members* of FPF could establish that they individually face some kind imminent threat of prosecution under N.Y. Penal Law § 265.01, the same simply cannot be said of FPC and FPF *as organizations.* And since this was key to the Second Circuit's holding that the organizations lacked standing in *Knife Rights*, *id.*, the same must apply here with equal force.

In sum, because FPC and FPF "cannot manufacture standing by incurring costs in anticipation of non-imminent harm", *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1155 (2013), FPC and FPF should be dismissed from this suit for lack of standing.

## Conclusion

For the reasons set forth above, Governor Cuomo and Attorney General Schneiderman request that an Order of dismissal be entered as against them. Furthermore, FPC and FPF should be dismissed from this suit because they lack standing to bring it.

Dated: Albany, New York
       February 13, 2017

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the State of New York
                                        *Attorney for Governor Andrew M. Cuomo,*
                                        *Attorney General Eric T. Schneiderman, and*
                                        *Superintendent George P. Beach III, Superintendent*
                                        *of the New York State Police*
                                        The Capitol
                                        Albany, NY 12224

                                        s/*Michael McCartin*
                                        Michael G. McCartin
                                        Assistant Attorney General
                                              *Of Counsel*
                                        Bar Roll No. 511158
                                        (518) 776-2620
                                        michael.mccartin@ag.ny.gov

TO:    Alan Alexander Beck, Esq.
          *Attorney for Plaintiffs*
          Alan A Beck Law Firm
          2692 Harcourt Drive
          San Diego, CA 92122

          Stephen D. Stamboulieh, Esq.
          *Attorney for Plaintiffs*
          Stamboulieh Law, PLLC
          P.O. Box 4008
          Madison, MS 39130

          Gregg T. Johnson, Esq.
          *Attorney for Defendant James Sacket*
          LEMIRE, JOHNSON & HIGGINS, LLC
          2534 Route 9 – P.O. Box 2485
          Malta, New York  12020