UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW AVITABILE, *et al.*,

                        *Plaintiffs*,

      v.

ANDREW M. CUOMO, *et al.*,

                        *Defendants*.

**ANSWER TO
AMENDED COMPLAINT**

**Jury Trial Demanded**

1:16-CV-01447

(DNH/CFH)

---

Defendant George Beach III, Superintendent of the New York State Police, by his attorney, Eric T. Schneiderman, Attorney General of the State of New York, Michael G. McCartin, of counsel, answers the allegations in the Amended Complaint as follows:

1.      Deny each and every allegation in which plaintiffs expressly or implicitly alleges that the Defendant violated their rights in any way.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 26, 28, 29, 30, 31, 32, 33, 35, 36, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57 and 58 of the Amended Complaint.

3.      As to the allegations contained in paragraph 4, admit that Andrew M. Cuomo is the Governor of the State of New York and that he is sued in his official capacity; also admit that Defendant Cuomo may be served at the New York State Capitol Building in Albany, New York 12224; however, deny that Governor Cuomo is responsible for the administration and enforcement of New York's customs, policies, practices and laws related to the State of New York's laws on electric stun guns and/or electric dart guns.  Deny the remainder of the allegations in paragraph 4.

4.      As to the allegations contained in paragraph 5, admit that Eric Schneiderman is the Attorney General of the State of New York and that he is sued in his official capacity; also admit that Defendant Schneiderman may be served at the second floor of the Justice Building, Empire State Plaza, Albany, New York 12224; deny that Defendant Schneiderman is responsible for the administration and enforcement of New York's customs, policies, practices and laws related to the State of New York's laws on electric stun guns and /or electric dart guns.  Deny the remainder of the allegations in paragraph 4.

5.      As to the allegations contained in paragraph 6, admit that Defendant George Beach III in sued in his official capacity as the Superintendent of the New York State Police, and that he is responsible for enforcement of New York's laws related to electric stun guns and electronic dart guns; also admit that he may be served at the New York State Police Building 22, 1220 Washington Avenue, Albany, New York 12226.  Deny the remainder of the allegations in that paragraph.

6.      As to the allegations contained paragraph 7, no response is necessary from Defendant Beach.

7.      Deny the allegations contained in paragraphs 17, 22, 23, 59, 60, and the "Wherefore" clause of the Amended Complaint.

8.      Admit the allegations contained in paragraphs 18, 19, 20 and 21 of the Amended Complaint.

9.      As to the allegations contained in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 34, 40, 41, 42 and 43, respectfully refer all issues of law to the Court to decide; but to the extent that the Court requires a response, those allegations are denied.

10.     As to the allegations contained in paragraph 24, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 24; admit the allegations contained in the second sentence of paragraph 24.

11.     As to the allegations contained in paragraph 25, admit the allegations contained in the first sentence of paragraph 25; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 25.

12.     As to the allegations contained in paragraph 27, deny the allegations contained in the first sentence of paragraph 27; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 27.

13.      As to the allegations contained in paragraph 37, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 37; admit the allegations contained in the second sentence of paragraph 37.

14.     As to the allegations contained in paragraph 38, admit the allegations contained in the first sentence of paragraph 38; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 38.

15.     As to the allegations contained in paragraph 39, deny the first sentence in paragraph 39; and as to the remainder of the allegations in that paragraph, respectfully refer all issues of law to the Court to decide; but to the extent that the Court requires a response, those allegations are denied.

16.     Deny any allegation of the Amended Complaint not specifically responded to above.

17.     Deny that the defendant has violated the U.S. Constitution or any federal or State law.

## Defenses

18.     The Amended Complaint fails to state a claim upon which relief can be granted.

19.     The plaintiffs lack standing to bring this action.

20.     To the extent that plaintiffs' claims are beyond the applicable statute of limitations, they are untimely and barred.

21.     At all relevant times the defendant acted under the reasonable belief that his conduct was in accord with clearly established law.  He is, therefore, protected under the doctrine of qualified immunity.

22.     Defendant was not personally involved in the alleged constitutional or statutory violations, and he is therefore not liable under 42 U.S.C. § 1983.

23.     The Amended Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

24.     To the extent plaintiffs raise state law claims, they are barred by the Eleventh Amendment, sovereign immunity, and by other provisions of state law.

25.     Plaintiffs' claims are or may be barred in whole or part by reason of applicable statutory, constitutional and/or other common-law privilege.

26.     Plaintiffs' claims are, or may be, barred in whole or part by reason of estoppel, laches and/or other equitable doctrines.

27.     To the extent that plaintiffs seek compensatory and punitive damages, the defendant is immune from liability therefor.

28.     Defendant hereby demands a trial by jury.

WHEREFORE, Defendant George Beach III, Superintendent of the New York State

Police, respectfully asks that this Court deny the relief requested, dismiss the Amended Complaint,

and grant such other relief as to the Court shall seem is just and equitable.

Dated:  Albany, New York
        February 13, 2017

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the State of New York
                                        *Attorney for Defendants*
                                        The Capitol
                                        Albany, New York  12224-0341

                                        By: s/ Michael McCartin
                                        MICHAEL G. McCARTIN
                                        Assistant Attorney General, of Counsel
                                        Bar Roll No. 511158
                                        Telephone: (518) 776-2620
                                        Fax: (518) 915-7738 (not for service of papers)
                                        Email: michael.mccartin@ag.ny.gov

TO:     Alan Alexander Beck, Esq.
        *Attorney for Plaintiffs*
        Alan A Beck Law Firm
        2692 Harcourt Drive
        San Diego, CA 92122

        Stephen D. Stamboulieh, Esq.
        *Attorney for Plaintiffs*
        Stamboulieh Law, PLLC
        P.O. Box 4008
        Madison, MS 39130

        Gregg T. Johnson, Esq.
        *Attorney for Defendant James Sacket*
        LEMIRE, JOHNSON & HIGGINS, LLC
        2534 Route 9 – P.O. Box 2485
        Malta, New York  12020