UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW AVITABILE; FIREARMS POLICY
COALITION; and FIREARMS POLICY FOUNDATION,

                                        Plaintiffs,

          -against-                                    **Civil Case No. 1:16-cv-1447**
                                                                      **(DNH/CFH)**

ANDREW M. CUOMO, in his Official Capacity as
Governor of the State of New York, ERIC SCHNEIDERMAN,
In his Official Capacity as Attorney General of New York,
LT. COL. GEORGE BEACH in his Official Capacity as
Superintendent of the New York State Police and JAMES
SACKET, in his Official capacity as District Attorney of
Schoharie County, New York,

                                        Defendants.

---

## DEFENDANT DA SACKET'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

                                        LEMIRE, JOHNSON & HIGGINS, LLC
                                        Attorneys for Defendant, Sacket
                                        2534 Route 9 – P.O. Box 2485
                                        Malta, New York 12020
                                        Tel:    518-899-5700

Gregg T. Johnson, Esq., of Counsel
April J. Laws, Esq. of Counsel

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ....................................................................................................1

LEGAL ANALYSIS............................................................................................................2

LEGAL ARGUMENT..........................................................................................................3

      PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION
      AGAINST DA SACKET MUST BE DENIED.................................................................3

      A.     Plaintiffs cannot meet their burden in establishing irreparable harm
            by the (in)action of DA Sacket .............................................................................3

      B.     Plaintiffs cannot meet their burden of establishing a clear
            or substantial likelihood of success on the merits of their claim .............................4

      C.     The balance of equities weighs in the favor of DA Sacket.....................................4

CONCLUSION....................................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*1-800 Contacts, Inc. v. Whenu.com Inc.,*
    414 F.3d 400 (2d Cir. 2005)....................................................................................................2

*Bronx Household of Faith v. Board of Education,*
    331 F.3d 342 (2d Cir. 2003)....................................................................................................2

*Green Party of New York State v. New York State Board of Elections,*
    389 F.3d 411 (2d Cir. 2004)....................................................................................................2

*Mazurek v. Armstrong,*
    520 U.S. 968 (1997)................................................................................................................2

*Patton v. Dole,*
    806 F.2d 24 (2d Cir. 1986)......................................................................................................2

*Rodriguez ex rel. Rodriguez v. DeBuono,*
    175 F.3d 227 (2d Cir. 1999)....................................................................................................2

**State Cases**

*Allard v. Allard,*
    2016 N.Y. App. Div. LEXIS 8155 (N.Y. App. Div. 3d Dep't Dec. 8, 2016) ............................2

*Church of St. Paul & St. Andrew v. Barwick,*
    67 N.Y.2d 510 (N.Y. 1986) ....................................................................................................2

*Community Watersheds Clean Water Coalition, Inc. v. New York State Dept. of
Envtl. Conservation,*
    134 A.D.3d 1201 (N.Y. App. Div. 3d Dep't 2015) ................................................................2

*N.Y. State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v.
Cuomo,*
    64 N.Y.2d 233 (N.Y. 1984) ....................................................................................................2

**State Statutes**

N.Y. Penal Law § 265.01 ...............................................................................................................1

## PRELIMINARY STATEMENT

Defendant, James Sacket, in his official capacity as District Attorney of Schoharie County, New York, (hereinafter referred to as "DA Sacket"), by and through his counsel (Lemire, Johnson & Higgins, LLC), submits this memorandum in opposition of Plaintiffs, Matthew Avitabile (hereinafter "Avitabile"), Firearms Policy Coalition (hereinafter "FPC") and Firearms Policy Foundation (hereinafter "FPF")(or collectively referred to as "Plaintiffs") motion for a preliminary injunction (or in the alternative for a permanent injunction) (Dkt. No. 22).

It must initially be noted that Plaintiffs' motion for a Preliminary Injunction does not address DA Sacket directly and makes no legal claims against him. Plaintiffs' motion thereby concedes, as DA Sacket has shown in his motion to dismiss (Dkt. No. 16), that Plaintiffs have no colorable cause of action against him. As discussed thoroughly in DA Sacket's motion to dismiss, Plaintiffs have not shown and cannot show that DA Sacket took any affirmative actions (criminal prosecution or other advocacy) against Plaintiffs and, therefore, a preliminary injunction is both premature and unwarranted. Moreover, neither the First Amended Complaint (hereinafter "Complaint") nor Plaintiffs' motion for an injunction assert claims that DA Sacket enforced (or could enforce) any laws of New York (including N.Y. Penal Law §265.01) against FPC or FPF, both of which are noted to be non-profit public benefit organizations with no true nexus to New York (Dkt. Nos. 12 and 22). Therefore, as a matter of law, Plaintiffs' motion for an injunction against DA Sacket must be denied.

## STATEMENT OF FACTS

In the interest of brevity, DA Sacket respectfully refers this Court to his Statement of Facts contained within his motion to dismiss (Dkt. No. 16).

1

## LEGAL ANALYSIS

In order to obtain a preliminary injunction, the moving party must show irreparable injury and either a likelihood of success on the merits or sufficiently serious questions going to the merits and balance of hardships decidedly tipped in the movant's favor, *Green Party of New York State v. New York State Board of Elections*, 389 F.3d 411, 418 (2d Cir. 2004); *1-800 Contacts, Inc. v. Whenu.com Inc.*, 414 F.3d 400, 406 (2d Cir. 2005).  In considering a movant's likelihood of success in a motion to enjoin government action, "regulations developed through reasoned democratic process" are entitled to deference, *Bronx Household of Faith v. Board of Education*, 331 F.3d 342, 348 (2d Cir. 2003).  Further, when the injunction sought would alter the *status quo* (as it would in the instant action), a movant must satisfy an even higher standard and show a clear and substantial likelihood of success, *Green Party*, 389 F.3d at 418; *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999).  Preliminary injunctive relief is a drastic remedy that should not be granted unless the party requesting the relief demonstrates its entitlement by a clear showing, *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).

In New York, the well-settled law is that a request for injunctive relief is premature if the harm to the applicant is contingent upon events that may never occur, *N.Y. State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo*, 64 N.Y.2d 233 (N.Y. 1984); *Church of St. Paul & St. Andrew v. Barwick*, 67 N.Y.2d 510 (N.Y. 1986); *Allard v. Allard*, 2016 N.Y. App. Div. LEXIS 8155, *3 (N.Y. App. Div. 3d Dep't Dec. 8, 2016)("[w]here the harm sought to be enjoined is contingent upon events which may not come to pass, [a] claim to enjoin the purported hazard is nonjusticiable as wholly speculative and abstract); *Community Watersheds Clean Water Coalition, Inc. v. New York State Dept. of Envtl. Conservation*, 134 A.D.3d 1201, 1204

2

(N.Y. App. Div. 3d Dep't 2015) ("[a]s plaintiffs' causes of action necessarily are dependent upon future events that may never come to pass, we find that their claims are entirely speculative and, hence, are not justiciable").

As discussed herein, Plaintiffs have failed to meet their burden for granting the extraordinary remedy of a preliminary injunction against DA Sacket.

## LEGAL ARGUMENT

### PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AGAINST DA SACKET MUST BE DENIED

Plaintiff's motion for preliminary injunction against DA Sacket must be denied as Plaintiffs cannot meet their burden in establishing that any harm has come to them by the legal authority of DA Sacket, nor can Plaintiffs meet their burden in establishing irreparable harm much less demonstrate that they have a clear or substantial likelihood of success on the merits against DA Sacket.

### A.   Plaintiffs cannot meet their burden in establishing irreparable harm by the (in)action of DA Sacket.

As discussed in DA Sacket's pending motion to dismiss (Dkt. No. 16) and from a plain reading of Plaintiffs' Complaint (Dkt. No. 12), Plaintiffs' purported claims against DA Sacket are entirely anticipatory and, thus, the speculation or assumption of enforcement by DA Sacket someday in the future precludes any finding of irreparable harm.  It is well settled that, in order to be awarded a preliminary injunction, Plaintiffs must sufficiently establish that they will suffer irreparable harm by DA Sacket absent the relief sought.  Plaintiffs are unable to meet this high burden.

Even though Plaintiffs make no arguments directly against DA Sacket in their motion papers, should this Court infer that the "irreparable harm" could be based upon Plaintiffs belief

that DA Sacket *might* seek to charge, *might* indict and/or *might* prosecute Avitabile should he purchase and/or obtain a "stun gun," this still fails to satisfy Plaintiff's high burden.   For example, DA Socket, like any prosecutor, enjoys broad prosecutorial discretion in deciding which apparent crimes to prosecute and Plaintiffs have not provided any evidence to this Court that DA Sacket would elect to prosecute Avitabile should he purchase or obtain a "stun gun." Therefore, any perceived "harm" by DA Sacket to Plaintiffs is entirely speculative at this point and certainly does not qualify to sustain Plaintiffs' burden of showing that this speculative harm is in any way "irreparable."   Accordingly, Plaintiffs' motion for a preliminary injunction against DA Sacket must be denied as a matter of law.

### B. Plaintiffs cannot meet their burden of establishing a clear or substantial likelihood of success on the merits of their claim.

DA Sackett has already addressed the fact that Plaintiff cannot establish any showing - much less a clear showing - that their Complaint has a likelihood of success on the merits as against DA Sacket (*see*, Dkt. No. 16).   Therefore, in the interests of brevity, DA Sacket respectfully refers this Court to Point IV of their memorandum of law in support of his motion to dismiss (*Id.*).

### C. The balance of equities weighs in the favor of DA Sacket.

Assuming, *arguendo*, that this Court reaches the third prong of the test for an issuance of a preliminary injunction against DA Sacket, the motion must still be denied as the equities weigh in DA Sacket's favor.

Since Plaintiffs cannot show that the "stun gun" law is unconstitutional, it thereby follows that asking this Court to prevent DA Sacket from upholding a valid law of the State of New York would be judicial overreach.   To the extent that Plaintiffs generally argue that the New York "stun gun" law presents as a "public interest" issue, this argument ignores the fact that

4

the preservation of the rights in the Constitution and the sovereignty of the state to create and enforce its own valid laws under the Constitution weighs heavily in the public interest. If the injunction were granted, it is likely that numerous people would seek to obtain stun guns in violation of valid New York law prior to this case being resolved on its merits and a final adjudication rendered. Therefore, this Court must conclude that the harm against public interest of having Courts invalidate constitutionally compliant state law weighs in favor of DA Sacket and against Plaintiffs' arguments that are based solely upon speculation and conjecture as they pertain to DA Sacket. Accordingly, Plaintiffs' motion for a preliminary injunction against DA Sacket must be denied as a matter of law.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court: (a) deny Plaintiffs' motion for a preliminary injunction as against DA Sacket; and (b) grant such other and further relief in DA Sacket's favor as this Court deems just and proper.

Dated:          March 6, 2017

Respectfully submitted,

LEMIRE, JOHNSON & HIGGINS, LLC

By: _____
April J. Laws (517148)