# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK
## Albany Division

| | |
|---|---|
| MATTHEW AVITABILE, et al. )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANDREW M. CUOMO, et al. )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 1:16-cv-1447 (DNH/CFH) |

**Plaintiffs' Response to Defendant Sacket's Motion to Dismiss**

TABLE OF CONTENTS

Introduction…………………………………………………………………...…………………1

Argument

      Plaintiffs' Claims are Ripe………………………………...…………………………1

      Mr. Sacket is the Proper Official to be Names in this Action……………………………..2

      As argued in Mr. Avitabile's Preliminary Injunction Stun Guns are Arms Protected by the Second Amendment……………………………………………………………...………..4

Conclusion…………………………………………………………………………..………..5

Certificate of Service………………………………………………………………...……6

## Introduction

COME NOW, Plaintiffs Matthew Avitabile, Firearms Policy Coalition ("FPC") and Firearms Policy Foundation ("FPF") ("collectively referred to as Mr. Avitabile") and respond to Defendant James Sacket's ("Mr. Sacket") Motion to Dismiss. Mr. Sacket's primary argument is this Court does not have jurisdiction to hear this lawsuit. He further argues, even if this Court does have jurisdiction to hear this suit, Tasers are not protected by the Second Amendment. For the reasons found below, this Court should deny this motion.

## Plaintiffs' Claims Are Ripe

Mr. Sacket argues that Mr. Avitabile's claims are not ripe because Mr. Sacket has yet to prosecute Mr. Avitabile for possession of a stun gun. Thus, his ultimate argument is Mr. Avitabile should be required to open himself to criminal liability prior to being given an opportunity to vindicate his constitutional rights. That simply is a misstatement of the law. As the Supreme Court ruled in *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014):

> One recurring issue in our cases is determining when the threatened enforcement of a law creates an Article III injury. When an individual is subject to such a threat, an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law. See *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights"); see also *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128–129, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ("[W]here threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat"). Instead, we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent. Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Babbitt v. Farm Workers,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

> Thus, the question before this Court is whether there is a credible threat that Mr. Avitabile

will be prosecuted if he follows through with his intent to purchase a stun gun. There is a general presumption that governments enforce the laws that they have placed on their books. Mr. Avitabile has plead that stun guns are banned. He has plead that he would purchase a stun gun but for the existence of this ban. He has plead Mr. Sacket enforces all the relevant New York laws within his jurisdiction. Mr. Sacket has not disavowed these facts. Thus, Mr. Avitabile's suit is analogous to *Virginia v. American Booksellers Ass'n, Inc.,* 484 U.S. 383, 393 (1988). ("The State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise. We conclude that plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them.") Similarly, Mr. Sacket has not suggested that he will not enforce the law. Thus, Mr. Avitabile has alleged a credible threat and he has standing to challenge the stun gun ban. *See also Kolbe v. O'Malley*, 42 F. Supp. 3d 768, 774 n.3 (D. Md. 2014) (concluding that "a credible threat of prosecution under the [FSA]" confers standing on individual plaintiffs Kolbe and Turner, and thus "jurisdiction is secure . . . whether or not the additional plaintiffs have standing" (*citing Vill. of Arlington Heights v. Metro. Hous. Dev. Corp*., 429 U.S. 252, 264 & n.9 (1977))).

Moreover, even if it was unclear whether Mr. Sacket would enforce the stun gun ban, the ban has a sufficient chilling effect to give Mr. Avitabile standing. *See Id.* Mr. Sacket cannot seriously argue that it is equitable to force Mr. Avitabile to decide whether to exercise his right even if it was only unclear whether he would be incarcerated for doing so. Thus, state law has a chilling effect on Mr. Avitabile's right to bear arms. And for these independent grounds he has standing to challenge the ban.

## Mr. Sacket is the Proper Official to be Named in this Action

This Court's sister court is currently dealing with a similar Second Amendment challenge

2

to New York State's nun chuck ban. There, Plaintiff initially named the Governor as a party and the Court found that:

> In a case such as this, where a plaintiff seeks a declaration that a particular statute is unconstitutional, "the proper defendants are the government officials charged with the administration and enforcement of the statute." *Curtis v. Pataki*, No. 96 Civ. 425, 1997 WL 614285, at *5 (Oct. 1, 1997 N.D.N.Y.) (citing *New Hampshire Right to Life Committee v. Gardner*, 99 F.3d 8, 13 (1st Cir.1996) (citations omitted)). "It is well established in New York that the district attorney, and the district attorney alone, should decide when and in what manner to prosecute a suspected offender." *Baez v. Hennessy*, 853 F.2d 73, 76 (2d Cir. 1988) (citations omitted). In fact, "since 1796 the Legislature has never accorded general prosecutorial power to the Attorney General Indeed, this Court has pointed out that "the Attorney-General has no . . . general authority [to conduct prosecutions] and is without any prosecutorial power except when specifically authorized by statute." *People v. Gilmour*, 98 N.Y.2d 126, 130, 746 N.Y.S.2d 114, 773 N.E.2d 479 (2002) (internal quotations and citations omitted). Thus, the choice as to whether to prosecute is entirely within the discretion of a district attorney. *People v. Eboli*, 34 N.Y.2d 281, 289, 357 N.Y.S.2d 435, 313 N.E.2d 746 (1974).

*James M. Maloney v. Elliot Spitzer*, 03 CIV 0786, Eastern District of New York, Document 41 (2005) (Attached).

In *Maloney*, the Governor was dismissed and Mr. Maloney named District Attorney Rice in his place during subsequent litigation. This the Court and parties found proper. Mr. Maloney is currently proceeding to a trial on the merits on his claim that New York's complete ban on nun chucks violate the Second Amendment. Similarly, Mr. Sacket is the District Attorney charged with upholding New York law within Mr. Avitabile's County.[1] Thus, he is the government official charged with upholding New York's Taser ban against Mr. Avitabile. "It is well established in New York that the district attorney, and the district attorney alone, should decide when and in what manner to prosecute a suspected offender." *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) (additional citations omitted). Additionally, "[w]hen prosecuting a criminal matter, a district

---

[1] N.Y. County Law § 700 provides in part, "…it shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed…"

3

attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." *Id.* (additional citations omitted). Per this Circuit's precedent he is a proper party to this challenge.[2]

### As argued in Mr. Avitabile's Preliminary Injunction Stun Guns Are Arms Protected by the Second Amendment

Mr. Sacket uses the remainder of his brief to argue Mr. Avitabile's claims should be dismissed because the stun guns are not protected by the Second Amendment. This issue has been fully briefed in a preliminary injunction Mr. Avitabile's filed with this Court. *See* Docket Number [22]. Rather than copy and paste identical pleadings into this brief, Mr. Avitabile incorporates and references the arguments made in his preliminary injunction as if fully set forth herein.

As argued in the complaint and preliminary injunction, New York's ban on the ownership of stun guns is unconstitutional. Mr. Avitabile has clearly and convincingly argued this fact. Thus, he has rebutted the general presumption that statutes are constitutional. However, even if this was not the case, Mr. Sacket's motion still should be denied. This is because the matter before the court is a 12(b)(6) motion to dismiss.

To survive a 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that

---

[2] The remainder of Mr. Sacket's jurisdictional arguments revolve around Mr. Avitabile's claim for damages. Mr. Avitabile waives his claims for damages against Mr. Sacket alone.

4

is "plausible on its face." *Id.* at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (citation omitted).

Thus, the matter before this Court is not whether Mr. Avitabile has shown that New York's ban on stun guns is unconstitutional. Rather the issue is whether it is plausible that he could demonstrate New York's ban on stun guns is unconstitutional at trial or summary judgement based on the facts alleged in his complaint. *District of Columbia v. Heller,* 554 U.S. 570 (2008) demonstrates that complete bans on certain types of arms are unconstitutional. Here, Mr. Avitabile has alleged that New York bans an arm which is protected by the Second Amendment and that this ban is unconstitutional. That is more than sufficient at this stage in proceedings. Mr. Sacket's motion to dismiss should be denied.

## Conclusion

For the reasons stated above, Mr. Avitabile respectfully requests that this Court deny Mr. Sacket's motion to dismiss.

**Dated: March 7th, 2017.**

                Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC                          Alan Alexander Beck
P.O. Box 4008                                  Law Office of Alan Beck
Madison, MS  39130                             4780 Governor Drive
(601) 852-3440                                 San Diego, CA  92122
stephen@sdslaw.us                              (619) 905-9105
MS Bar No. 102784                              Alan.alexander.beck@gmail.com
NDNY Bar Roll# 520383                          *Admitted pro hac vice

## Certificate of Service

     I, Stephen D. Stamboulieh, hereby certify that I have caused to be filed a true and correct copy of the foregoing document or pleading via the Court's CM/ECF system which sent a notice and copy of the foregoing to all counsel of record.

Dated: March 7th, 2017.

                                                     /s/ *Stephen D. Stamboulieh*
                                                     Counsel for Plaintiffs