UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW AVITABILE; FIREARMS POLICY
COALITION; and FIREARMS POLICY FOUNDATION,

                                    Plaintiffs,

-against-                             **Civil Case No. 1:16-cv-1447**
                                                        **(DNH/CFH)**

ANDREW M. CUOMO, in his Official Capacity as
Governor of the State of New York, ERIC SCHNEIDERMAN,
In his Official Capacity as Attorney General of New York,
LT. COL. GEORGE BEACH in his Official Capacity as
Superintendent of the New York State Police and JAMES
SACKET, in his Official capacity as District Attorney of
Schoharie County, New York,

                                    Defendants.

---

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT DA SACKET'S
MOTION TO DISMISS PURSUANT TO FRCP 12(b)**

---

                                                LEMIRE, JOHNSON & HIGGINS, LLC
                                                Attorneys for Defendant, Sacket
                                                2534 Route 9 – P.O. Box 2485
                                                Malta, New York 12020
                                                Tel:    518-899-5700

Gregg T. Johnson, Esq., of Counsel
April J. Laws, Esq., of Counsel

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT ..................................................................................................................2

POINT I  -   PLAINTIFFS' CLAIMS AGAINST DA SACKET
             ARE NOT RIPE FOR ADJUDICATION .............................................................2

POINT II -   ANY ADVOCACY MADE BY DA SACKET WOULD BE
             CLOAKED BY ABSOLUTE PROSECUTORIAL IMMUNITY ..........................4

POINT III -  PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH
             RELIEF CAN BE GRANTED AGAINST DA SACKET,
             AS PLAINTIFFS ARE UNABLE TO SHOW THAT NEW YORK'S
             "STUN GUN" LAW VIOLATES THE SECOND AMENDMENT ......................5

CONCLUSION ...............................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Babbitt v. United Farm Workers Nat'l Union,*
    442 U.S. 289 (1979)..................................................................................................3

*N.Y. State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo,*
    64 N.Y.2d 233 (N.Y. 1984).......................................................................................3

*Rissetto v. Cnty. of Clinton,*
    2016 U.S. Dist. LEXIS 115832 (N.D.N.Y Aug. 29, 2016).......................................4

*Susan B. Anthony List v. Driehaus,*
    134 S. Ct. 2334 (2014)..........................................................................................2, 3

**Statutes**

FRCP Rule 12(b)......................................................................................................1

N.Y. Penal Law § 265.01...................................................................................1, 4, 5

**Other Authorities**

U.S. Const. amend II................................................................................................5

U.S. Const. amend XI...............................................................................................5

## PRELIMINARY STATEMENT

Defendant, James Sacket, in his Official capacity as District Attorney of Schoharie County, New York, (hereinafter referred to as "DA Sacket"), by and through his counsel (Lemire, Johnson & Higgins, LLC), submit this memorandum in support of the DA Sacket's Rule 12(b) motion to dismiss Plaintiffs' First Amended Complaint (hereinafter "Complaint")(Dkt. No. 12) in its entirety, as against DA Sacket.

Neither Plaintiffs' Complaint nor their opposition papers offer any facts to support - apart from conjecture or speculation - their allegations that DA Sacket, as a state actor, took any affirmative actions (criminal prosecution or other advocacy) in enforcing any state laws (including N.Y. Penal Law § 265.01) against Avitabile. In fact, Plaintiff Avitabile admits that DA Sacket would have absolutely no reason to prosecute him, because he has no intention of violation the "stun gun" law (Dkt. No. 12-1). Moreover, Plaintiffs do not dispute that DA Sacket could not enforce N.Y. Penal Law § 265.01 as against Firearms Policy Coalition (hereinafter "FPC") and Firearms Policy Foundation (hereinafter "FPF"), both of which are noted to be non-profit public benefit organizations with no true nexus to New York (Dkt. No. 12).

Finally, Plaintiffs do not dispute the fact that DA Sacket possesses prosecutorial discretion and thus, could choose to pursue, or not pursue, criminal charges if - hypothetically - Plaintiff chose to violate New York's Penal Code. Therefore, as a matter of law, Plaintiffs' Complaint must be dismissed in its entirety as against the DA Sacket.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS AGAINST DA SACKET ARE NOT RIPE FOR ADJUDICATION

Plaintiffs have offered no facts or law to rebut DA Sacket's entitlement to dismissal of the Complaint as a matter of law, since Plaintiffs have now admitted that DA Sacket has not taken any state action against Plaintiffs, and that there is no future opportunity for DA Sacket to prosecute Plaintiff Avitabile in light of his admission that he will not violate the "stun gun" law.

In an attempt to skit their admission that it would be impossible for DA Sacket to take "state action" against Plaintiff Avitabile, they have fashioned a flawed argument by relying upon a Supreme Court ruling, *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014). The issue before the Supreme Court in *Susan B. Anthony List* was whether a pre-enforcement challenge to Ohio's statute prohibiting false statements during the course of a political campaign was sufficient to establish that the plaintiff could show an imminent injury should they violate the law. The plaintiffs in the *Susan B. Anthony List* had demonstrated that, not only were they planning to carry out activities in violation of the Ohio law, but that others have been prosecuted for violating the law in a similar manner. When considering the facts of the *Susan B. Anthony List* case, the Supreme Court held that, for an alleged injury to support constitutional standing, it "must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,'" *Susan B. Anthony List*, 134 S. Ct. at 2341 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 [1992] (quotation marks omitted)). In the context of pre-enforcement challenges to criminal statutes, imminent injury can be established by plausible allegations that a plaintiff "'inten[ds] to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by…statute, and there exists a credible threat of prosecution thereunder,'" *Susan B. Anthony List*,

2

134 S. Ct. at 2342 (*quoting Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 [1979]). A credible threat of prosecution, however, cannot rest on fears that are "'imaginary or speculative,'" *Babbitt*, 442 U.S. at 298 (*quoting Younger v. Harris*, 401 U.S. 37, 42 [1971]). Nor is it evident where the plaintiffs "do not claim that they have ever been threatened with prosecution...." *Id.* at 298-99.

The case before this Court is clearly distinguishable. Here, unlike the facts in *Susan B. Anthony List*, Plaintiffs have not alleged that Avitabile will purchase a "stun gun" or that he has taken actions to purchase a "stun gun". Plaintiffs merely state that Plaintiff Avitabile would purchase a "stun gun" if it was lawful for him to do so (Dkt. No. 12). In fact, Plaintiff Avitabile's own sworn declaration states merely that "*I desire to purchase a stun gun...[but that I am] unable to purchase one*" in light of the "stun gun" law (Dkt. No. 12-1 ¶¶ 3-4)(emphasis supplied). Plaintiff Avitabile further clarifies that he has "*refrained from purchasing, owning, carrying, or otherwise violating New York's ban on stun guns*" because "*I fear prosecution from owning or carrying a stun gun*" (*Id.* at ¶¶ 5-6). In comparison, the plaintiffs in *Susan B. Anthony List* not only alleged that they intended to violate Ohio's law and they cited to instances of past prosecution for similar actions. Plaintiffs have done neither here.

Accordingly, since Plaintiffs admit that an injury would never occur because Plaintiff Avitabile will not "violat[e] New York's ban on stun guns" (*Id.* at ¶ 6), their request for injunctive relief or a declaratory judgment is premature since no harm will occur to Plaintiff Avitabile, *N.Y. State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo*, 64 N.Y.2d 233 (N.Y. 1984). It naturally follows that DA Sacket will not – and could not – prosecute Plaintiff Avitabile since he admits that he will not be violating the "stun gun" law.

Accordingly, DA Sacket's motion to dismiss must be granted since this case is undisputedly not ripe for adjudication as against DA Sacket.

## POINT II

### ANY ADVOCACY MADE BY DA SACKET WOULD BE CLOAKED BY ABSOLUTE PROSECUTORIAL IMMUNITY

Since Plaintiffs have offered absolutely no opposition to DA Sacket's argument that he is immune from this lawsuit, this point of law it must be granted.[1] To that end, in *Rissetto v. Cnty. of Clinton*, 2016 U.S. Dist. LEXIS 115832, *117 (N.D.N.Y Aug. 29, 2016), this Court held as follows:

> When a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum under Local Rule 7.1(b)(3). *See, e.g., Beers v. GMC*, 1999 U.S. Dist. LEXIS 12285 (N.D.N.Y. March 17, 1999)(deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]); *DeVito v. Smithkline Beecham Corp.*, 2004 U.S. Dist. LEXIS 27374, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as 'a concession by plaintiff that the court should exclude [the expert's] testimony' on that ground). Stated otherwise, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possesses facial merit, which has appropriately been characterized as a 'modest' burden. *Rusyniak v. Gensini*, 2009 U.S. Dist. LEXIS 101160 (N.D.N.Y. Oct. 30, 2009); *Este-Green v. Astrue*, 2009 U.S. Dist. LEXIS 69054 (N.D.N.Y. Aug. 7, 2009).

DA Sacket has shown that there facial merit to his claim that, regardless of whether or not Plaintiff Avitabile obtained a "stun gun," was charged in violation of PL § 265.01 and/or adjudicated by the Schoharie County District Attorney's office, DA Sacket would be entitled to absolute prosecutorial immunity. Moreover, since Plaintiffs have failed to respond to the merits

---

[1] It should also be noted that Plaintiffs' opposition papers note that "Mr. Avitabile waives his claims for damages against Mr. Sacket alone" (Dkt. No. 29 ft. 2).

4

of this claim, this Court must find, as a matter of law, that DA Sacket is indeed entitled to immunity.[2]

## POINT III

### PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AGAINST DA SACKET, AS PLAINTIFFS ARE UNABLE TO SHOW THAT NEW YORK'S "STUN GUN" LAW VIOLATES THE SECOND AMENDMENT

Since the Complaint (Dkt. No. 12), Plaintiffs' motion for a preliminary injunction (Dkt. No. 22) and now Plaintiffs' opposition papers to DA Sacket's motion to dismiss (Dkt. No. 29) repeatedly make clear that Plaintiff have no direct legal claim against DA Sacket - but rather take direct issue against the state law and state actors - Plaintiffs have now conceded on three (3) separate occasions that they have no colorable cause of action against DA Sacket. Accordingly, DA Sacket will not belabor the points addressed in Point VI of his moving brief, as it has been shown that the allegations of the Complaint fail to demonstrate that NY PL § 265.01 is unconstitutional and that DA Sacket would violate their rights by enforcing the statute.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court: (a) dismiss Plaintiffs' Complaint against DA Sacket; and (b) grant such other and further relief in DA Sacket's favor as this Court deems just and proper.

---

[2] Since Plaintiffs have also failed to offer an argument against DA Sacket's entitlement to immunity under the Eleventh Amendment, they have likewise "consented" that DA Sacket is immune from suit under the Eleventh Amendment.

Dated: March 10, 2017

                                Respectfully submitted,

                                LEMIRE, JOHNSON & HIGGINS, LLC

By: _____
      April J. Laws (517148)

6