UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW AVITABILE; FIREARMS POLICY
COALITION; and FIREARMS POLICY FOUNDATION,

                                         Plaintiffs,

-against-                             **Civil Case No. 1:16-cv-1447**
                                                                **(DNH/CFH)**

ANDREW M. CUOMO, in his Official Capacity as
Governor of the State of New York, ERIC SCHNEIDERMAN,
In his Official Capacity as Attorney General of New York,
LT. COL. GEORGE BEACH in his Official Capacity as
Superintendent of the New York State Police and JAMES
SACKET, in his Official capacity as District Attorney of
Schoharie County, New York,

                                           Defendants.

---

## ANSWER TO AMENDED COMPLAINT

As and for his Answer and response to the December 16, 2016 Amended Complaint (Docket #12) in the above-captioned action, Defendant JAMES SACKET, in his official capacity as District Attorney of Schoharie County, New York, by and through his counsel (Lemire, Johnson & Higgins, LLC), responds as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "1" of the Complaint herein.

2. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "2" of the Complaint herein.

3. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "3" of the Complaint herein.

4. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "4" of the Complaint herein.

5. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "5" of the Complaint herein.

6. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "6" of the Complaint herein.

7. As to the allegations, statements, and inferences contained in paragraph "7" of the Complaint herein, admits that at all relevant times stated herein, James Sacket served as the District Attorney of Schoharie County, New York; denies in form alleged, all remaining allegations, statements, and inferences contained therein.

8. As to the allegations, statements, and inferences contained in paragraph "8" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences contained therein.

9. As to the allegations, statements, and inferences contained in paragraph "9" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences therein.

10. Admits the allegations contained in paragraph "10" of the Complaint herein.

11. As to the allegations, statements, and inferences contained in paragraph "11" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences therein.

12. As to the allegations, statements, and inferences contained in paragraph "12" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences therein.

13. As to the allegations, statements, and inferences contained in paragraph "13" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences therein.

14. As to the allegations, statements, and inferences contained in paragraph "14" of the Complaint herein, refers all questions of law to the Court and denies in form alleged, all remaining allegations, statements, and inferences therein.

15. As to the allegations, statements, and inferences contained in paragraph "15" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences therein.

16. As to the allegations, statements, and inferences contained in paragraph "16" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences therein

17. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "17" of the Complaint therein.

18. Admits the allegations contained in paragraph "18" of the Complaint herein.

19. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "19" of the Complaint therein.

20. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "20" of the Complaint therein.

21. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "21" of the Complaint therein.

22. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "22" of the Complaint therein.

23. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "23" of the Complaint therein.

24. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "24" of the Complaint therein.

25. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "25" of the Complaint therein.

26. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "26" of the Complaint therein.

27. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "27" of the Complaint therein.

28. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "28" of the Complaint therein.

29. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "29" of the Complaint therein.

30. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "30" of the Complaint therein.

31. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "31" of the Complaint therein.

32. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "32" of the Complaint therein.

33. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "33" of the Complaint therein.

34. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "34" of the Complaint therein.

35. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "35" of the Complaint therein.

36. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "36" of the Complaint therein.

37. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "37" of the Complaint therein.

38. Denies in form alleged, all allegations, statements, and inferences contained in paragraph "38" of the Complaint therein.

39. As to the allegations, statements, and inferences contained in paragraph "39" of the Complaint herein, refers all questions of law to the Court and denies all remaining allegations, statements, and inferences therein.

40. Admits the allegations contained in paragraph "40" of the Complaint herein.

41. Admits the allegations contained in paragraph "41" of the Complaint herein.

42. Admits the allegations contained in paragraph "42" of the Complaint herein.

43. As to the allegations, statements, and inferences contained in paragraph "43" of the Complaint herein: acknowledges that New York Penal Law § 265 addresses the laws regarding "stun guns"; denies in form alleged, all remaining allegations, statements, and inferences contained therein.

44. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "44" of the Complaint herein.

45. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "45" of the Complaint herein.

46. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "46" of the Complaint herein.

47. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "47" of the Complaint herein.

48. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "48" of the Complaint herein.

49. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "49" of the Complaint herein.

50. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "50" of the Complaint herein.

51. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "51" of the Complaint herein.

52. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "52" of the Complaint herein.

53. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "53" of the Complaint herein.

54. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "54" of the Complaint herein.

55. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "55" of the Complaint herein.

56. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "56" of the Complaint herein.

57. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "57" of the Complaint herein.

58. Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "58" of the Complaint herein.

59. Denies all allegations, statements, and inferences contained in paragraph "59" of the Complaint herein.

60. Denies all allegations, statements, and inferences contained in paragraph "60" of the Complaint herein.

61. Denies all allegations, statements, prayers for relief, and inferences contained in the "WHEREFORE," including subparagraphs (1) through (7) paragraph of the Complaint herein.

62. Denies any and all other allegations, statements, and inferences contained in the Complaint herein, which are not specifically addressed by the foregoing paragraphs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. Some or all of the allegations contained in Complaint herein fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. Plaintiffs lack standing to bring the claims in the instant action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. Plaintiffs have failed to effectuate proper service upon Defendant Sacket, and/or such Defendant is not subject to this Court's jurisdiction.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. Plaintiffs' claims are barred in whole or part by the doctrines of ripeness and/or mootness.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. All or some of the claims asserted in the Complaint herein are barred by the applicable statutes of limitation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. To the extent Plaintiffs may seek excessive compensatory or punitive damages, Plaintiffs' recovery is barred and/or limited by, *inter alia,* 42 U.S.C. S 1981a.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69. Defendant is absolutely immune from suit and/or liability under the doctrine(s) of judicial immunity, legislative immunity, prosecutorial immunity, or other applicable immunity doctrines.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

70. Plaintiffs were not subjected to any adverse action by Defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71. Answering Defendant has not deprived Plaintiffs of any rights, privileges, or immunities secured under the Constitution or the Laws of the United States.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

72. To the extent that Defendant's liability, if any, is determined to be fifty percent or less of the total liability assigned to all persons liable, the liability of Defendant to Plaintiffs for non-economic loss shall not exceed Defendant's equitable share determined with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

**WHEREFORE,** Answering Defendant requests that the Complaint be dismissed and for such other and relief in Answering Defendant's favor as the Court deems appropriate.

DATED: October 13, 2017

LEMIRE, JOHNSON & HIGGINS, LLC

April J. Laws
Bar Roll No. 517148
Attorneys for Defendant-*Sacket*
2534 Route 9 –P.O. Box 2485
Malta, New York 12020
Tel:    518-899-5700
Fax:   518-899-5487
Email: gtj@lemirejohnsonlaw.com
           ajl@lemirejohnsonlaw.com

TO:   Alan Beck, Esq.
        Alan A. Beck Law Firm
        Attorney for Plaintiffs-*Avitabile,*
               *Firearms Policy Coalition,*
               *Firearms Policy Foundation*
        2692 Harcourt Dr.
        San Diego, CA 92122
        Tel    619-905-9105
        Email: alan.alexander.beck@gmail.com

9

Stephen D. Stamboulieh, Esq.
Stamboulieh Law, PLLC
Attorney for Plaintiffs-*Avitabile,*
    *Firearms Policy Coalition,*
    *Firearms Policy Foundation*
P.O. Box 4008
Madison, MS 39130
601-852-3440
Email: stephen@sdslaw.us

Michael G. McCartin, Esq.
Office of the Attorney General
Attorney for Defendants-*Cuomo*
    *Schneiderman, Beach*
The Capitol
Albany, New York 12224
Tel:   518-776-2620
Fax:  518-915-7738
Email: Michael.mccartin@ag.ny.gov