UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW AVITABILE,

|  |  |
|---|---|
| *Plaintiff,* | **PROTECTIVE ORDER** |
| -against- | 16-CV-1447 |
| LT. COL. GEORGE BEACH, in his official capacity as Superintendent of the New York State Police, | DNH/CFH |
| *Defendant.* | |

---

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

IT IS STIPULATED AND SO ORDERED:

1.      The terms and conditions of this Order shall govern all disclosure conducted in this action that are designated as defined in paragraph 2 pursuant to the Federal Rules of Civil Procedure and all other information exchanged by the parties or produced by any third party in response to discovery requests or subpoenas.

2.      The designation "CONFIDENTIAL/ATTORNEY EYES ONLY" shall apply to protect employment, medical and other private, sensitive, trade secret, confidential business information, and/or other confidential information of parties and third parties, and materials designated by counsel for plaintiff and counsel for defendant as "CONFIDENTIAL/ATTORNEY EYES ONLY" based upon counsel for plaintiff's and counsel for defendant's good faith belief that the information and/or materials encompass matters which shall be held confidential by the parties.

3.      The Nondisclosing Attorneys shall not disclose such disclosure marked "CONFIDENTIAL/ATTORNEY EYES ONLY" to persons other than the counsel of record, employees of such counsel of records actively assisting in the conduct of this action, expert witnesses or consultants

retained for the purposes of the prosecution or defense of this action, trial or deposition witnesses, the trier of fact, the court reporter, and the Court. To the extent necessary, plaintiff and defendant may only view the disclosures designated "CONFIDENTIAL/ATTORNEY EYES ONLY" in the presence of plaintiff's counsel and/or defense counsel and only for the purposes of assisting in the prosecuting or defense of this action. Under no circumstances shall plaintiff or defendant retain copies or take possession of disclosures designated "CONFIDENTIAL/ATTORNEY EYES ONLY".

Notwithstanding anything to the contrary contained herein, nothing in this paragraph shall be interpreted to prevent any party from using any statement or document drafted by a party or a non-party during any party deposition, unless the party raising an objection to the use of such statements or documents at a party deposition obtains a determination or ruling from the Court preventing the use of such statements or documents at a party deposition. Prior to the disclosure of any such statement or document to a deponent, the objecting party shall have an opportunity to seek a ruling from the Court.

4.      Nothing set forth in paragraphs 2 or 3 herein shall preclude plaintiff or defendant from calling any person as a witness who is identified in any document marked as "CONFIDENTIAL/ATTORNEY EYES ONLY."

5.      The person(s) authorized by this Agreement to view, possess or otherwise access "CONFIDENTIAL/ATTORNEY EYES ONLY" (hereinafter referred to as "CONFIDENTIAL") information and/or material shall use such information and/or material solely for the purpose of this action and solely to the extent necessary for the litigation of this action.

6.      A copy of this Order shall be delivered to the plaintiff, defendant, and to each person listed in paragraph 3 to whom a disclosure of CONFIDENTIAL information or material is made, at or before the times of the disclosure by the party making the disclosure or that party's counsel. The provisions of this Order shall be binding upon each such person to whom a disclosure of CONFIDENTIAL information or material is made.

7.      The parties and their counsel, shall ensure that each person to whom CONFIDENTIAL information or material is disclosed shall keep such CONFIDENTIAL information or material in a secure location to prevent unauthorized disclosure.

8.      If any CONFIDENTIAL information or material which is disclosed pursuant to this Order is offered into evidence during a motion or otherwise disclosed at the trial of this action, the parties hereby jointly request that any portion of the motion or trial transcript reflecting such confidential information and any documents received into evidence containing such confidential information shall be made a sealed record until further Order of the Court.  In any event, any pages of deposition testimony reflecting confidential information will be treated by the parties as confidential information under this Order.

9.      The Magistrate shall retain jurisdiction to decide any dispute arising over whether any document was appropriately marked as "CONFIDENTIAL" and/or "ATTORNEY EYES ONLY".

10.     At the conclusion of this litigation, all CONFIDENTIAL information shall be returned to the opposing counsel, or if the CONFIDENTIAL information is in electronic format, then counsel shall certify that he has deleted that information and/or destroyed it and is no longer in possession of it. Additionally, any person that has received the CONFIDENTIAL information pursuant to this Protective Order, shall also, at the conclusion of the litigation, certify that any electronic form of said information is deleted or destroyed.

11.     The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.


Dated: Madison, Mississippi
       December 19th , 2017

_____
STEPHEN STAMBOULIEH
Attorney for Plaintiff

3

Dated:  Albany, New York
     December 19, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By: _____
Michael G. McCartin
Assistant Attorney General, of Counsel
Telephone No.: (518) 776-2620

SO ORDERED
Dated:  Albany, New York
  12/20/2017     , 2017

Christian F. Hummel
U.S. Magistrate Judge