**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
Albany Division**

| | |
|---|---|
| MATTHEW AVITABILE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:16-cv-1447 (DNH/CFH) |
| | ) |
| LT. COL. GEORGE BEACH, in his | ) |
| Official capacity as Superintendent of the | ) |
| New York State Police | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF MATTHEW AVITABILE'S STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a)(3) of the Civil Rules of the United States District Court for the Northern District of New York, Plaintiff Matthew Avitabile, by and through his attorneys of record, submits his Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment. Citations to exhibits in Plaintiff's Statement of Undisputed Materials Facts, unless otherwise noted, are to those exhibits listed in the declaration of Stephen D. Stamboulieh, dated August 27, 2018, and made part thereof, submitted in support of Plaintiff's Motion for Summary Judgment.

### I.   Plaintiff Matthew Avitabile

1. Matthew Avitabile is an adult male resident of the State of New York and resides in Schoharie County. [Docket #12-1], Declaration of Matthew Avitabile.

2. Plaintiff has not purchased a stun gun or a Taser due to fear of prosecution for owning and carrying a stun gun or a Taser. *Id*.

1

3. Plaintiff would like to purchase a stun gun or a Taser for lawful self-defense and in appropriate circumstances would carry a stun gun or Taser for self-defense. *Id*.

4. Plaintiff has never been convicted of a crime, either misdemeanor or felony, and has never been convicted of a crime of domestic violence. See Deposition of Matthew Avitabile, Exhibit "1", 10:16-25.

5. He has never been deemed by a mental health professional to have a mental illness. *Id*. at 11:15-19.

6. He currently does not own a handgun but does own a shotgun and bolt-action rifles. *Id*. at 13:2-22.

7. He would possess a Taser if it were legal in New York. *Id*. at 17:7-9.

8. He would carry a Taser "in accordance with state law, wherever [he] could carry it" as well as his home. *Id*. at 17:15-24.

9. He would purchase a stun gun if legal in New York. *Id*. at 19:10-14.

**II.     New York State**

10. New York State bans possession and carry of electric arms, including stun guns and Tasers. N.Y. Penal Law § 265.01.

**III.    Electric Arms**

11. Plaintiff and Defendant have stipulated that there are 300,000 Tasers and 4,478,330 stun guns currently owned by private civilians in the United States of America.

12. Electric arms are "widely owned and accepted as a legitimate means of self-defense across the country." *Caetano v. Massachusetts*, 136 S. Ct. 1027, 1033 (2016) (J. Alito, concurring).

13. Electric arms are legal in forty-seven states. Only New York, Hawaii and Rhode Island currently ban electric arms.

14. Electric arms are less dangerous than firearms. *See* Deposition of Trooper Shappy, Exhibit "2" at 29-30:18-6 and 66:5-12 (Trooper Shappy has voluntarily exposed six to seven hundred recruits with a Taser with no deaths and has himself been voluntarily exposed approximately four times without adverse effects) (*cf*. with 70:14-21 – a person would have a high likelihood of death depending on where that person was shot).  See also Exhibit "4", Defendant's Interrogatory Response No. 16.

15. No civilian deaths by CEWs have been reported in the lawful use of CEWs by other civilians.  *See* Expert Report of Mark Kroll, PhD, FACC, FHRS, FIEEE, FAIMBE, p.17, Exhibit "5".

16. Use of CEWs reduce both suspect and officer injury compared to alternative force options. *Id*. at p.30.

17. CEWs are bearable arms. *See People v. Yanna*, 824 N.W.2d 241 (Mich. Ct. App. 2012) and *Ramirez v. Commonwealth* No. SJC-12340, 2018 Mass. LEXIS 237 (Apr. 17, 2018).

**IV.    Pepper Spray**

18. New York limits the size and strength of pepper spray that can be purchased and carried by non-law enforcement. N.Y. Penal Law §265.20(a)(14), (15) N.Y. Comp. Codes R. & Regs. Tit. 10 § 54.1–54.3.

19. New York pepper spray is limited to not more than 0.7% by weight total capsaicinoids and shall not exceed more than 0.75 ounces. *Id*.

20. Only licensed firearms dealers and pharmacists may sell self-defense sprays. N.Y. Comp. Codes R. & Regs. Tit. 10 § 54.3.  *See also* Exhibit "3", Report of Robert Nance.

21. The form required to purchase self-defense sprays must include the purchaser's social security number.  *Id*.

22. New York is the only state in the United States that limits the strength of self-defense sprays. *Id.*

23. Persons deploying pepper spray always suffers some blowback. *See* Deposition of Shappy, Exhibit "2", 18:6-11.

24. Trooper Shappy carries 10% OC with a size volume of 1.8 ounces. *See* Deposition of Trooper Shappy, Exhibit "2", 16:14-21.

**Dated: August 27, 2018**

    Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
NDNY Bar Roll# 520383


Alan Alexander Beck
Law Office of Alan Beck
4780 Governor Drive
San Diego, CA  92122
(619) 905-9105
Alan.alexander.beck@gmail.com
*Admitted pro hac vice

## Certificate of Service

      I, Stephen D. Stamboulieh, hereby certify that I have caused to be filed a true and correct copy of the foregoing document or pleading via the Court's CM/ECF system which sent a notice and copy of the foregoing to all counsel of record.

Dated: August 27, 2018

                                                                         */s/ Stephen D. Stamboulieh*
                                                                         Counsel for Plaintiff