# Stambouliehh Law, PLLC

P.O. Box 4008, Madison, MS  39130 | (601) 852-3440 | stephen@sdslaw.us

December 16, 2018

Hon. David N. Hurd, U.S. District Judge                                              **Via ECF**
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, NY 13501

RE:  1:16-cv-01447-DNH-CFH, *Matthew Avitabile v. Lt. Col. George Beach in his Official Capacity as Superintendent of the New York State Police*

Dear Judge Hurd:

We write to the Court to inform it of the United States District Court for the Eastern District of New York's ruling in *Maloney v. Singas*, No. 03-CV-786 (PKC)(AYS), (E.D.N.Y. Dec. 14, 2018) [Docket #215] (attached)), that nunchaku are protected by the Second Amendment and New York State's laws which ban the ownership of nunchaku are unconstitutional.

In an opinion by Judge Pamela Chen, "[t]he Court … reject[ed] Defendant's argument that the nunchaku ban should be upheld because 'the dangerous potential of nunchucks is almost universally recognized.'" *Id* at * 19. The Court went on to observe Justice Alito's concurrence in *Caetano* (136 S. Ct at 1028-1033) that stun guns are protected by the Second Amendment. "Inexplicably, Defendant states that '[o]bviously, spring-guns and carrying/using mace or stun guns are not constitutionally protected activities' because they are dangerous. (Dkt. 213, at 2.) This statement is plainly incorrect, at least as to stun guns and mace." *Id* at *19 fn. 23.

The Court then found that "a bearable arm is entitled to Second Amendment protection where the government fails to show that the weapon's typical use is not a lawful one". *Id* at * 20. The Court ultimately found that "[b]ecause the blanket ban imposed by Section 265.01(1) as applied to nunchaku easily fails constitutional muster under intermediate scrutiny, the Court need not decide whether intermediate or strict scrutiny should apply." *Id* at *22.

Thus, this supports Mr. Avitabile's position that the Second Amendment protects implements for self-defense other than firearms.  Similarly, New York State's ban on the ownership of electric arms is unconstitutional because they are bearable arms typically owned for self-defense.  And New York's ban on electric arms is unconstitutional under any level of heightened scrutiny.

We appreciate the Court's attention to this matter and stand ready to provide any additional information requested by the Court.

                                                                Yours very truly,

                                                                                          _____
                                                                                          STEPHEN D. STAMBOULIEH

cc:     All counsel of record w/
         attachment (ECF)